IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. |
| DESIGN PLASTERING WEST LLC | |

3-18CR-252-K

## PLEA AGREEMENT

Design Plastering West LLC, the defendant, by and through its counsel Daniel K. Hagood, and the United States of America (the government) agree as follows:

1.  **Rights of the defendant**: The defendant understands that the defendant has the rights:

    a.  to plead not guilty;

    b.  to have a trial by jury;

    c.  to have the defendant's guilt proven beyond a reasonable doubt;

    d.  to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

    e.  to be free against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count One of the Information, charging a violation of 29 U.S.C. § 666(e), that is, OSHA Violation Causing Death to Employee. The defendant understands the nature and elements of the crime to which the defendant is

Plea Agreement—Page 1

pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

    3.    **Sentence**: The maximum penalties the Court can impose include:

        a.    a fine, pursuant to 18 U.S.C. § 3571, of the greatest of $500,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense;

        b.    a term of probation not to exceed five years; and

        c.    a mandatory special assessment of $50.

    4.    **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

    5.    **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $50, in satisfaction of the mandatory special assessment in this case.

6. **Sentencing agreement**: Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, defendant and the government agree as follows:

a. The parties agree that a $150,000.00 criminal fine and a period of four years of corporate probation (more fully described below) is an appropriate sentence and should be imposed by the Court in connection with defendant's guilty plea to the Information, taking into account the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, and the need for the sentence to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to other criminal conduct, as well as for the sentence imposed to protect the public from further crimes. 18 U.S.C. § 3553(a)(1).

b. The parties agree that this is a reasonable and appropriate sentence, which is sufficient, but not greater than necessary, to achieve the purposes of sentencing in light of the factors set forth under 18 U.S.C. §§ 3553(a) and 3572. Defendant agrees that no portion of the criminal fine is deductible on any Federal, State, or foreign income tax or information return.

c. Defendant agrees to make the criminal fine payable to the U.S. District Clerk on the date of sentencing.

d. Defendant agrees that if at any time while it has obligations under this Plea Agreement the defendant sells, merges, or transfers all or substantially all of its business operations as they exist as of the date of this Plea Agreement, whether such sale is structured as a stock or asset sale, merger, or transfer, defendant shall include in any contract for sale, merger, or transfer a provision fully binding the purchaser(s) or any

successor(s) in interest thereto to the guarantees and obligations described in this Plea Agreement.

7. **Rejection of agreement**: Pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure, if the Court rejects this Plea Agreement, the Court shall afford defendant the opportunity to withdraw its plea, and shall advise defendant that, if it persists in it guilty plea, the Court is not bound by this Plea Agreement and the disposition of the case may be less favorable than that contemplated by this Plea Agreement.

8. **Defendant's agreement**: Defendant agrees to the following provisions:

   a. Defendant agrees that it and its subsidiaries, divisions, segments, and affiliates will not commit any felony violation of United States federal law during the four year term of corporate probation.

   b. During the period of probation, defendant shall continue to cooperate fully with the government, the Department of Labor, and any OSHA related state or federal agencies in any and all matters concerning any act within the scope of or related to the conduct described in the Factual Resume or related to other potential violations of OSHA occurring during the period of probation, subject to applicable laws and regulations.

   c. The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Pursuant to Rule 32(c)(1)(A)(ii) of the Federal Rules of Criminal Procedure, the defendant agrees to waive a pre-sentence investigation and report and consents to the Court conducting a

sentencing hearing and imposing the sentence on the same date as the entry of the guilty plea.

   d. The defendant agrees that annually during the term of probation, including between thirty and sixty days before the expiration of the term of probation, a representative of defendant shall execute, under penalty of perjury, and provide to the government, a certification that to the best of the representative's knowledge, after reasonable inquiry, the defendant is in compliance with the terms of this Plea Agreement. On a monthly basis during the term of probation, the defendant shall provide notification, including location, scheduled start date, and a general description of the work to be performed, of all jobsites within OSHA Regions 6, 8, and 9. Such notice shall be provided to OSHA on or before the first day of each month.

   e. The defendant agrees to hire William L. Cooper, a third party consultant who has expertise in the field of construction safety and health to evaluate work place hazard assessments, personal protective equipment, and fall hazards, in accordance with the following:

   i. Within thirty days following OSHA's concurrence, the defendant shall retain the consultant in accordance with this section for a period of no less than four years.

   ii. Within sixty days of initial retention, the consultant will perform a comprehensive assessment of defendant's safety and health programs for purposes of evaluating safety and health policies, procedures, programs and/or training that may be utilized by defendant to guard against fall hazards and to address any

additional safety hazards that are specific to the nature of the work locations in which defendant's employees are exposed. Upon completion of the comprehensive assessment, the consultant shall prepare an initial written report outlining safety and health policies, procedures, programs and/or training that may be utilized by defendant to address the consultant's identified hazards (Consultant's Recommendations). Defendant shall implement Consultant's Recommendations within two months of receiving them.

          iii.     The defendant agrees that during the four year retention period and upon completion of the Consultant's Recommendations, the consultant will make no less than four unannounced onsite visits per year of the defendant's worksites where workers are engaged in work activity requiring fall protection. The consultant will have authority to stop defendant's operations if he or she determines that hazardous conditions exist and to direct and ensure corrective action prior to commencement of work activities.

          iv.     After each visit, the consultant will prepare supplemental recommendations that will outline any additional safety and health policies, procedures, programs and/or training that may be utilized by defendant to abate identified hazards. The defendant will, within thirty days receipt of such written report by the consultant, implement the consultant's supplemental recommendations.

          v.     If the defendant chooses not to implement any of the consultant's recommendations, the defendant will provide to OSHA a written explanation of why it declined to implement each recommendation and a description of the alternative actions it took to address the hazards the recommendations were intended to address.

Within thirty days of receipt of any recommendations, the defendant shall provide the consultant's recommendations and the defendant's responses thereto (if any) to OSHA.

    vi. Any notifications to OSHA required under this paragraph, shall be provided to:

> OSHA Region VI, Office of the Regional Administrator
> ATTN: Deputy Regional Administrator
> 525 S. Griffin Street, Suite 602
> Dallas, Texas 75202
> Email: Lewis.Jeffrey@dol.gov

  f. The defendant agrees that these undertakings shall be binding upon any acquirer or successor in interest to defendant or substantially all of defendant's assets and liabilities or business.

  g. Implementation of any safety and health policies and procedures shall not be construed in any future criminal proceeding initiated by the government as providing immunity or amnesty to defendant for any crimes not disclosed to the government as of the date of the signing of this Plea Agreement for which defendant otherwise would be responsible.

  9. **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture pursuant to the plea of guilty. The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and

Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

10. **Government's agreement**: The government will not bring any additional charges against the defendant, Arthur Brian Holliday, Sr., Arthur Brian Holliday Jr., or any of defendant's present or former officers, directors, subsidiaries or affiliates based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The parties agree to simultaneously resolve the administrative action against defendant and its affiliates in accordance with a Settlement Agreement, which will be filed with the administrative law judge in *Secretary of Labor v. Design Plastering, Inc., dba Design Plastering West*, OSHRC Docket No. 15-2148, OSHA Inspection No. 1063007. Except as specifically stated herein, this agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any other civil or administrative proceeding against the defendant or any property.

11. **Requirement of corporate resolution**: This plea agreement will be executed by the defendant's attorney, Daniel K. Hagood. Prior to signing the plea agreement, the defendant will obtain from its board of directors the appropriate

Plea Agreement—Page 8

resolutions authorizing the execution of this plea agreement, which will be provided to the U.S. Attorney's Office and included as Exhibit A to this agreement. By entering into this plea agreement, Daniel K. Hagood expressly represents to the Court and to the government that he has the power and authority to bind the defendant corporation to this plea agreement.

12. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

13. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

14. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or

forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

15. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

16. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 24th day of May, 2018.

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
KATE RUMSEY
Assistant United States Attorney
Texas State Bar No. 24081130
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Tel: 214-659-8713
Kathryn.Rumsey@usdoj.gov

_____
MARCUS BUSCH
Section Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____         5/21/18
ARTHUR BRIAN HOLLIDAY, SR.          Date
As a representative and on behalf of
Design Plastering West LLC, Defendant

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____         5/23/18
DANIEL K. HAGOOD                    Date
Attorney for Defendant

Plea Agreement—Page 11

# EXHIBIT A

# DESIGN PLASTERING WEST LLC

## WRITTEN CONSENT OF THE MANAGERS IN LIEU OF SPECIAL MEETING

21 MAY, 2018

Pursuant to the provisions of the Texas Business Organizations Code, as amended, the undersigned, being all the managers (the "Managers") of Design Plastering West LLC, a Texas limited liability company (the "Company"), do hereby consent to the taking of the following actions upon the unanimous written consent of the Managers to the same effect and purpose as if an actual meeting of the Managers had been held on the date first written above, and the actions set forth below shall constitute the valid actions of the Managers and shall have the same force and effect as if such actions had been authorized and taken at a formal special meeting of the Managers convened and held on such date and as if the Managers were present in person at such meeting and voted in favor thereof, such written consent to be filed with the minutes of the meetings of the Managers.

WHEREAS, the Managers have determined that it is in the best interests of the Company to enter into that certain plea agreement by and among the Company and the United States of America in the form reviewed by the Managers on the date hereof (collectively, the "Plea Agreement").

NOW, THEREFORE, BE IT:

RESOLVED, that the Managers hereby: (i) approve the Plea Agreement and (ii) authorize and consent to the dealing contemplated thereunder;

FURTHER RESOLVED, that Daniel K. Hagood (the "Authorized Party") be, and hereby is, authorized to execute and deliver the Plea Agreement in the name and on behalf of the Company in connection with the above;

FURTHER RESOLVED, that any and all lawful acts or things heretofore done or caused to be done by the Authorized Party in connection with the foregoing resolutions are ratified, authorized, and approved in each and every respect; and

FURTHER RESOLVED, that this Written Consent of the Managers in Lieu of Special Meeting may be executed in one or more counterparts which when taken together shall be deemed to be one instrument and facsimile and electronic signatures on any such counterparts shall be deemed an original signature.

*SIGNATURE PAGE FOLLOWS*

IN WITNESS WHEREOF, this Written Consent of the Managers in Lieu of a Special Meeting is effective as of the date and year first above written, which shall be the effective date hereof.

MANAGERS:

_____
ARTHUR BRIAN HOLLIDAY, SR


_____
ARTHUR BRIAN HOLLIDAY, JR

UNITED STATES OF AMERICA
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor<br><br>  Complainant,<br>v.<br><br>DESIGN PLASTERING, INC., DBA DESIGN PLASTERING WEST And Its Successors,<br><br>  Respondent. | OSHRC Docket No. 15-2148<br><br>OSHA Inspection No. 1063007 |

## SETTLEMENT AGREEMENT

Come now Complainant and Respondent and submit the following settlement agreement pursuant to Rule 2200.100 of the Commission's Rules of Procedure:

This settlement agreement specifies the terms of settlement as set out below for each contested item and disposes of all issues in the case.

Affected employees have not filed objections to the reasonableness of any abatement time.

1. Respondent promises to pay a global penalty of $100,000.00 in assessed penalties no later than ten (10) days after the date of this Agreement, which shall be the date of the last signature hereto. Respondent shall tender payment to: U.S. Department of Labor, Occupational Safety and Health Review Commission, 1100 East Campbell Road, Suite 250, Richardson, Texas 75081. The check shall be made payable to "U. S. Department of Labor - OSHA."

2. Respondent states that the specific conditions described in the citations have been corrected.

3. Respondent will comply with all applicable abatement verification provisions of 29 C.F.R. § 1903.19, including but not limited to, all certification, documentation, and posting requirements. Abatement certification shall be accomplished within 10 calendar days after the abatement date, which shall be the date of the last signature on this Agreement, by mailing a letter to U.S. Department of Labor, Occupational Safety and Health Review Commission, 1100 East Campbell Road, Suite 250, Richardson, Texas 75081, stating that abatement has been completed, the date and method of abatement, and that affected employees and their representatives have been informed of the abatement. Any required abatement documentation shall be submitted along with the abatement certification.

4. Respondent withdraws its notice of contest.

5. Respondent promises to continue its good-faith efforts to comply with the Occupational Safety and Health Act.

6. Respondent certifies that the affected employees in the above-style case are not represented by an authorized employee representative.

7. Respondent certifies that a copy of this settlement agreement has been served upon the unrepresented affected employees in the manner set forth in Rule 2200.100 of the Commission's Rules of Procedure, by posting same on the 21st day of May, 2018.

8. Each party agrees to bear its own attorney's fees, costs and other expenses incurred by such party in connection with any stage of the above-referenced proceeding including, but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

Respectfully Submitted,

DESIGN PLASTERING, INC.,

DBA DESIGN PLASTERING WEST

by:

_____
CHARLES P. KELLER
Attorney

Signed this 21st day of May, 2018.

Attorneys for Respondent
Snell & Wilmer, LLP
One Arizona Center
Phoenix, Arizona 85004
Telephone: (602) 382-6265
Facsimile: (602) 382-6070

Respectfully Submitted,

KATE S. O'SCANNLAIN
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

MADELEINE T. LE
Counsel for Occupational Safety & Health

by:

_____
MADELEINE T. LE
Counsel for Occupational Safety & Health

Signed this 24 day of May, 2018.

Attorneys for Complainant
U. S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas 75202
Telephone: (972) 850-3100
Facsimile: (972) 850-3101

3

<u>NOTICE TO AFFECTED EMPLOYEES NOT</u>
<u>REPRESENTED BY A LABOR ORGANIZATION</u>

EACH AFFECTED EMPLOYEE WHO IS NOT REPRESENTED BY A LABOR ORGANIZATION HEREBY IS GIVEN NOTICE THAT ANY OBJECTIONS TO THE ENTRY OF AN ORDER APPROVING THIS SETTLEMENT AGREEMENT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE THAT THIS SETTLEMENT AGREEMENT IS POSTED.  SUCH OBJECTIONS MUST BE SET FORTH IN WRITING AND MAILED TO THE HONORABLE BRIAN A. DUNCAN, ADMINISTRATIVE LAW JUDGE, OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, 721 19TH STREET, ROOM 407, DENVER, COLORADO 80202-2517, WITH COPIES TO COMPLAINANT AND RESPONDENT.